**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MILDRED WALKER,

        Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT,

        Defendant.

Case No. 2:14–cv–64–GMN–VCF

**<u>ORDER AND
REPORT & RECOMMENDATION</u>**

MOTION FOR DISCOVERY SANCTIONS (#24)

       This matter involves Mildred Walker's employment-discrimination action against Clark County School District. Before the court is the School District's Motion for Dispositive Discovery Sanctions (#24[1]). Walked failed to oppose the motion. For the reasons stated below, the court's June 25, 2015 hearing is vacated and the School District's motion is denied.

**I. BACKGROUND**

       Mildred Walker commenced this action on December 10, 2013, alleging that her former employer, the Clark County School District, discriminated against her on account of her race. Little litigation has occurred in this matter since.

       Walked moved to amend her complaint, but the motion was denied. And the School District moved to compel discovery. The motion was granted but Walked allegedly failed to comply with the court's order. Discovery is now closed.

       On April 17, 2015, the School District filed the instant motion for discovery sanctions. The School District asks the court to enter dispositive sanctions against Walker on account of her failure to participate

---

[1] Parenthetical citations refer to the court's docket.

1

in discovery and obey the court's discovery order. The motion is unopposed. On April 20, 2015, the School District moved for summary judgment, *see* (Doc. #25), and Walker filed an opposition, *see* (Doc. #32).

## II. LEGAL STANDARD

At the pretrial stage, there are three sources of authority under which a district court can impose case-dispositive sanctions for discovery abuses: the inherent power of federal courts to levy sanctions in response to abusive litigation practices and the availability of sanctions under Federal Rules of Civil Procedure 16(f) and 37.

Rule 16(f) provides that "the court may issue any just order," including those authorized by Rule 37(b)(2)(A), in response to a party's failure to obey a pretrial order. FED. R. CIV. P. 16(f)(1)(C). If sanctions are awarded under Rule 16(f), "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance," unless the noncompliance was substantially justified or other circumstance make an award of expenses unjust. FED. R. CIV. P. 16(f)(2).

Rule 37(b)(2)(A) provides for additional sanctions. It states: "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may: (i) direct that the matters in the order or other designated facts be taken as established; (ii) prohibit the disobedient party from supporting or opposing designated claims or defenses; (iii) strike pleadings; (iv) stay proceedings; (v) dismiss the action in whole or in part; (vi) render default judgment against the disobedient party; or (viii) treat the disobedient party's failure to obey the court order as contempt. FED. R. CIV. P. 37(b)(2)(A). Rule 16 sanctions exist "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992) (emphasizing that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

When deciding whether to impose the "harsh penalty" of case-dispositive sanctions, courts in the Ninth Circuit apply a five-factor test. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) (per curiam) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 (1976) (per curiam). The district court must evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. District courts have discretion to impose the extreme sanction of dismissal if there has been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990).

### III. DISCUSSION

The School District's Motion for Case-Dispositive Sanctions should be denied. Case-dispositive sanctions are only appropriate if less drastic sanctions and a decision on the merits are unavailable. *See id*. A fully briefed motion for summary judgment is pending in this matter. Neither the School District's motion for summary judgment nor its motion for sanctions assert that a decision on the merits cannot be reached without Walker's discovery responses. If the School District's motion for summary judgment is denied and discovery is required to decide this matter on the merits, the School District may renew its motion for case-dispositive discovery sanctions.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that the School District's Motion for Dispositive Discovery Sanctions (#24) is DENIED without prejudice.

IT IS FURTHER ORDERED that the court's June 25, 2015, hearing is VACATED.

/// /// ///

/// /// ///

/// /// ///

3

IT IS SO ORDERED.

DATED this 19th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE